KRUSE, by guardian *ad litem*, Appellant, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*May 27 — June 15, 1892.*

*Railroads: Injury to brakeman coupling cars: Negligence of engineer: Court and jury.*

1. In an action by a brakeman against a railway company for injuries received while coupling cars upon which the draught irons were at different heights, it is *held* that, as there was no evidence tending to show that such difference in any way contributed to the accident, there was no question for the jury as to defendant's negligence in that respect.

2. But, there being evidence tending to prove that, just as plaintiff was about to couple the cars, without any signal the train suddenly came back with increased speed and thereby crushed his hand between the bumpers, it was error to direct a verdict for defendant. For negligence of the engineer in such a case, defendant is liable under ch. 438, Laws of 1889.

APPEAL from the Circuit Court for *Rock* County.

Plaintiff was head brakeman upon a freight train, in the employ of defendant, on and prior to January 16, 1891, on which day, about 4 o'clock A. M., he was attempting to make a coupling between two freight cars in the yards of defendant at Janesville, and had his hand crushed between the draught irons of the cars. The engine, with one car attached, was backing towards the car to be coupled, in response to signals given by plaintiff with his lantern, and two unsuccessful attempts had been made to make the coupling before the accident, resulting each time in knocking the detached car further along the track. At the third attempt the accident happened. The car attached to the engine was furnished with a Janny draught iron, and had the link in it. The detached car was provided with a Potter draught iron. These draught irons are quite different in construction and appearance, the Janny being consider-

ably wider vertically, while the Potter has a considerably larger hole for the reception of the link. The plaintiff testified that the Potter draught iron upon the detached car was four to six inches lower than the Janny iron upon the other car, while it should be on substantially the same level if in good condition, and he claimed that the accident resulted partially from this alleged defective condition of the draught iron on the detached car, and partially from the fact that the engineer (as he claims) suddenly backed his engine without any signal, just as he was about to make the coupling.

It is unnecessary to state the defendant's evidence. After the evidence was all in, the court directed a verdict for the defendant, and from judgment thereon plaintiff appeals.

For the appellant there were briefs by *Fethers, Jeffris & Fifield,* and oral argument by *O. H. Fethers* and *M. G. Jeffris.*

*John T. Fish,* for the respondent, to the point that ch. 438, Laws of 1889, does not cover the case, and that the company is not liable for the negligence of an engineer while managing his engine, but only when in charge of a stationary signal, target point, block, or switch, cited Laws of Mass. 1887, ch. 270, sec. 1, subd. 3; *Thyng v. Fitchburg R. Co.* 30 N. E. Rep. (Mass.), 169; *Hadley v. Perks,* L. R. 1 Q. B. 444.

WINSLOW, J. The long-established rule of this court is that a verdict for defendant should only be directed when the plaintiff's evidence, under the most favorable construction it will reasonably bear, including all reasonable inferences from it, is insufficient to justify a verdict in his favor. *Radmann v. C., M. & St. P. R. Co.* 78 Wis. 22. The plaintiff claims that under this rule his evidence was sufficient to require submission to the jury of at least two questions, viz.: *First,* whether defendant was not guilty of

negligence in furnishing a car of defective and unsafe construction without notice or caution to plaintiff of the defect; and, *second*, whether the engineer was not guilty of negligence for which defendant is liable in disobeying signals and backing the train suddenly at an increased rate of speed, just as the coupling was about to be made.

1. It is clear that there was no sufficient evidence to justify the submission of the first question to the jury. Giving to plaintiff's testimony its most favorable construction, it appears that the sole evidence of a defect was that the upper surface of the Potter draught iron was five or six inches lower than the Janny iron, and that the opening was four inches lower. Conceding that from this evidence the Potter iron could be found in a defective condition, there is no evidence tending to show that this defect, if such it was, in any way contributed to produce the accident. According to plaintiff's own testimony, the link went in, apparently without difficulty. It was a straight link. No fact or circumstance is stated by plaintiff or suggested by his testimony which in any way tends to trace the injury to the condition of the Potter draught iron. The hand was crushed between the two draught irons. Every fact in plaintiff's evidence tends to show that it would have been just as liable to be crushed had the draught irons been exactly opposite each other.

2. The plaintiff was, however, entitled to have the second question submitted to the jury. His evidence tends to prove that when he was just about to couple the two cars, they being but a few inches apart, without any signal the train suddenly came back with increased speed, and thereby crushed his hand between the bumpers. One reasonable inference from this testimony is that the engineer suddenly and negligently, without notice, changed and increased the speed of his engine when the plaintiff had given no signal and was in a position of extreme danger. It avails not to

say that the engineer and fireman, as witnesses for defendant, both deny any increase of speed. Upon the question of the propriety of directing a verdict for defendant the evidence of defendant's witnesses is not to be considered. The jury might find, under the plaintiff's testimony, that the engineer, without any signal, negligently increased the speed of the engine, thereby causing plaintiff's injury. The defendant is liable for injuries caused to an employee by the negligence of an engineer, in the absence of contributory negligence on the part of the employee. Ch. 438, Laws of 1889.

· *By the Court.*— Judgment reversed, and cause remanded for a new trial.