O'BRIEN, by guardian *ad litem*, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*January 29 — February 18, 1896.*

*Court and jury: Credibility of witnesses: Preponderance of evidence: Direction of verdict.*

1. The question of the credibility of witnesses and the question on which side the evidence preponderates are always, in the first instance, for the jury; and the fact that the trial judge believes that, if a verdict should be found for plaintiff, it ought to be set aside as against the weight of the evidence, does not justify him in directing a verdict for defendant.

2. So *held*, in a case where plaintiff's own testimony, if believed, was sufficient to support a verdict in his favor, but was uncorroborated and was contradicted by other witnesses, and it appeared that he had at various times made statements directly contrary to his testimony, and he admitted on the trial that some of the material statements so made were intentionally false.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

The plaintiff was a brakeman in the employ of the defendant. His particular work at the time of the accident was in the defendant's yard in Milwaukee, switching cars. The particular ground of defendant's liability, as alleged in the complaint, is the failure of fellow switchmen to obey the plaintiff's signals. The plaintiff went between two freight cars for the purpose of coupling them together. He claims that he gave the proper signal at the proper time for the train to stop, which was disregarded, and the train backed down upon him while he was trying to disengage a pin which had become fast and to make the coupling, and crushed his arm between the cars and disabled it. His testimony was sufficient, if believed, to support a verdict in his favor. But he was not corroborated in any material point. He was shown to have made statements of material facts directly contrary to his testimony, and acknowledged that

O'Brien vs. Chicago & Northwestern R. Co.

some of those statements were intentionally false. More-
over, he was contradicted on material points by the testi-
mony of his fellow workmen.

After the testimony of both sides was in, the trial court
directed a verdict for the defendant, stating its reasons as
follows: "The motion to direct a verdict in favor of the
defendant is granted — first, upon the ground that the bur-
den of proof is upon the plaintiff to satisfy the court, by a
fair preponderance of the evidence, that he is entitled to re-
cover upon his cause of action; second, upon the ground
that there is such a want of preponderance of evidence as
would justify the court, in the exercise of its sound discre-
tion, to grant a new trial, if a verdict were rendered for the
plaintiff, on the ground that the verdict would be against
the weight of evidence, in accordance with the decision
made in the case of *McCoy v. Milwaukee St. R. Co.* 82 Wis.
215, it appearing to the court that the only testimony on the
part of the plaintiff is that of the plaintiff himself, and it is
not corroborated by any other witness, and that he has at
various times made statements directly contrary to his state-
ments made under oath on the trial, and that he himself
admitted, on the trial, that some of the material statements
so made by him were false, and that he made such false
statements intentionally. This being the case, the court
ought, following the decisions of other courts, to direct a
verdict in favor of the defendant, because, if a verdict were
rendered against the evidence, it would be contrary to the
weight of evidence, and the court would grant a new trial."

From a judgment on this verdict this appeal is taken.

For the appellant there was a brief signed by *Timlin &
Glicksman*, attorneys, and *E. A. Conway*, of counsel, and
oral argument by *Nathan Glicksman*. They argued, among
other things, that to justify the court in taking a case from
the jury the question must be wholly one of law, not de-
pending on controverted facts, nor upon what facts the tes-

timony establishes, nor upon the credibility of witnesses, nor upon what inferences or conclusions ought to be drawn from the testimony. *Valin v. M. & N. R. Co.* 82 Wis. 1, 5, 6; *Thoresen v. La Crosse City R. Co.* 87 id. 597, 605; *Benham v. Purdy*, 48 id. 99, 101; *Cutler v. Hurlbut*, 29 id. 152; *Langhoff v. M. & P. du C. R. Co.* 19 id. 489, 497; *Hill v. Fond du Lac*, 56 id. 242, 246; *Nelson v. C., M. & St. P. R. Co.* 60 id. 320, 324; *Ewen v. C. & N. W. R. Co.* 38 id. 613, 628; *Townley v. C., M. & St. P. R. Co.* 53 id. 626, 632; *Kenworthy v. Ironton*, 41 id. 647, 651; *Johnson v. L. S. T. & T. Co.* 86 id. 64, 71; *Kaples v. Orth*, 61 id. 531, 533; *Hoye v. C. & N. W. R. Co.* 62 id. 666, 671; *S. C.* 67 id. 1, 14; *Duame v. C. & N. W. R. Co.* 72 id. 523, 534; *Stacy v. M., L. S. & W. R. Co.* 85 id. 225, 235; *Alford v. C., M. & St. P. R. Co.* 86 id. 235, 236; *Adams v. C. & N. W. R. Co.* 89 id. 645, 647; *Calder v. Crowley*, 74 id. 157, 159; *Jones v. C. & N. W. R. Co.* 49 id. 352, 353; *Spensley v. Lancashire Ins. Co.* 54 id. 433, 439; *Johnston v. Hamburger*, 13 id. 175, 177; *Winstanley v. C., M. & St. P. R. Co.* 72 id. 375, 387.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*. To the point that where a trial judge, upon a motion to direct a verdict, can see that he would feel himself obliged to grant a motion for a new trial upon the ground that a verdict, if rendered for the plaintiff, would be unsupported by the evidence, he ought, in the interest of justice and in the interest of litigants, to put an end to the litigation by directing a verdict for the defendant, they cited *Dryden v. Britton*, 19 Wis. 23; *Hogan v. Cushing*, 49 id. 169, 171; *Pleasants v. Fant*, 22 Wall. 116; *Stuart v. Simpson*, 1 Wend. 376; *Stone v. Flower*, 47 N. Y. 566; *Sherwood v. Mercantile M. Ins. Co.* 5 Hun, 115; *Vanderford v. Foster*, 65 Cal. 49; *Mead v. Crane*, 5 N. J. Law, 852; *Baldwin v. Shannon*, 43 id. 596; *Davis v. Maxwell*, 12 Met. 286; *Meyer v. Houck*, 85 Iowa, 319; Bailey, Master's Liability, 497.

NEWMAN, J. The question of the credibility of witnesses and testimony is always for the jury. So, if it was competent, as matter of law, for the jury to believe the plaintiff's testimony, then the case should have gone to the jury. There is no such rule of law as that one who has previously made a statement, even purposely false, but out of court, of the matter in controversy, shall not be believed when he testifies, under oath and in court, to a different version of the same matter. It is considered that some element of credibility is imparted to the statement of the witness by the confirmation of his oath. There is no rule of law which declares that the sworn testimony is neutralized by the former unsworn statement, although, practically, its value is said to be impaired and may be entirely destroyed; but whether it is so impaired or destroyed is a question for the jury and not for the court. It relates to the question of the weight or credit to which the testimony is entitled, which is always a question for the jury; for the law recognizes that even a person of doubtful veracity may have testified the truth in the particular case.

And the question on which side the testimony preponderates is also always for the jury. No witness is, as matter of law, altogether discredited because several witnesses have testified to a version of the affair which is inconsistent with his testimony. The preponderance of the proof may be with the one witness. Preponderance may not go with numbers. This has often been held.

True, it is not required that a contention which is supported only by a mere *scintilla* of evidence, or which is unsupported by testimony which, if believed, would justify a verdict in its favor, should be submitted to the jury. But no case is known which holds that the affirmative testimony of one witness, and he a party and contradicted, which covers all the material points of the party's sufficient pleading, is a mere *scintilla* of evidence, or, as matter of law, inca-

pable, if believed by the jury, to support a verdict. Nor is it important, at this point in the trial, whether the trial judge credits the witness or testimony. If all the material allegations of a sufficient pleading are supported by the affirmative testimony of one witness, there is a question for the jury.

But if a verdict be returned which the court deems to be insufficiently supported by credible evidence, it should then, in the exercise of a fair judicial discretion, set aside the verdict and grant a new trial. The trial court, at this point, has a large supervisory power over the verdicts of juries, and should exercise it fully, for the promotion of justice.

This is believed to be the doctrine and result of our cases. In *Jones v. C. & N. W. R. Co.* 49 Wis. 352, the court say: "If the plaintiff gives any evidence to support his claim, the case must be submitted to the jury, although, in the opinion of the trial judge, it may be insufficient to sustain a verdict, or the decided weight of evidence is for the defendant. In such case this court has repeatedly said that it is the duty of the court to submit the questions of fact to the jury, under proper instructions, and take their verdict thereon." The cases to that effect are there cited. In *Bouck v. Enos,* 61 Wis. 661, the court say: "It is the province of the jury to determine, not only the credibility of witnesses and all disputed facts, but all conflicting inferences reasonably drawn from undisputed or admitted facts." In *Kruse v. C., M. & St. P. R. Co.* 82 Wis. 568, the court say: "The long-established rule of this court is that a verdict for defendant should only be directed when the plaintiff's evidence, under the most favorable construction it will reasonably bear, including all reasonable inferences from it, is insufficient to justify a verdict in his favor." In *Larson v. Eau Claire, ante,* p. 86, the court say: "The remedy against a verdict, on the ground that it is against the preponderance of evidence, is by motion for a new trial, which is addressed to the discretion of

the court, with the exercise of which this court will not interfere, except in cases where it is quite clear that such discretion has been abused."

It is evident, from the reasons stated by the trial judge, that he directed the verdict for the defendant on the ground that the plaintiff's contention was not supported by a preponderance of the evidence. It is clear, upon the cases cited, that that question was for the jury, and not properly to be considered by the court until after verdict and on a motion for a new trial. It might well be trusted that the jury would, with proper instructions, find a verdict which should be in accord with the preponderance of the evidence.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause remanded for a new trial.