Leiser vs. Kieckhefer.

LEISER, Respondent, vs. KIECKHEFER, Appellant.

*December 16, 1896 — January 12, 1897.*

*Court and jury: Directing verdict.*

The court is not justified in directing a verdict unless, looking at the facts in evidence in the light most favorable to the opposite party, the jury would not be justified in finding a verdict in his favor.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The plaintiff made his promissory note for $1,500 to the defendant, who sold it to one Schram. The note was not paid at maturity, and, for the purpose of procuring an extension of time, the parties made their joint and several note, for the same sum, to Schram. The plaintiff paid this latter note to Schram, and brings this action to recover from the defendant the sum which he paid to Schram. His claim is that the original note was given by him to the defendant without consideration, and for the defendant's accommodation. The defendant denies this, and asserts that the original note was given by the plaintiff to him as and for the purchase price of his (the defendant's) interest in a certain quarry, which the parties had been operating together as partners. The issue made by the pleading, and which was contested on the trial, was whether the original note was accommodation paper, given without consideration. On that issue each party testified, for himself, directly and positively, to a state of facts directly opposed, as above indicated; and each party was, to some extent, corroborated by evidence of collateral facts, more or less persuasive. A written instrument, purporting to be an absolute assignment by the defendant to the plaintiff of the defendant's interest in the quarry, with a right to repurchase it, at any time within six months, for $1,500 and interest, was put in evidence. The

plaintiff testified that this instrument was given him as security against his being called upon to pay the note. The defendant testified that it was intended to be what it appeared on its face to be,— an absolute sale of the property. There was, also, the testimony of one witness, to the effect that plaintiff had told the witness that he had bought defendant's interest in the quarry. The court directed a verdict for the plaintiff for the full amount claimed. The appeal is from a judgment entered on that verdict.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.*

For the respondent the cause was submitted on the brief of *Thos. H. Dorr.*

NEWMAN, J. The only question discussed upon the hearing was whether this was a proper case for the direction of a verdict. The settled rule is that, to justify the direction of a verdict on a question of fact, the evidence must be *clear and uncontradicted, and all one way.* The court must look at the facts in evidence in the most favorable light for the other party in which the jury would be at liberty to find them, and then be able to say that there is no evidence which would justify a verdict in his favor. If there is *some* testimony fairly tending to support the opposite contention, it is a question for the jury. The question — on which side is the preponderance of the evidence — is always for the jury. So that, ordinarily, affirmative testimony, covering the issue, of one witness alone, and he a party and contradicted, is sufficient to take the case to the jury. It is the function of the jury to weigh the testimony. *Lawrence University v. Smith,* 32 Wis. 587; *Spensley v. Lancashire Ins. Co.* 54 Wis. 433; *Jackson v. Jacksonport,* 56 Wis. 310; *Calder v. Crowley,* 74 Wis. 157; *O'Brien v. C. & N. W. R. Co.* 92 Wis. 340. It cannot be said, in this case, that the evidence on the plaint-

iff's side is uncontradicted, nor that the evidence in the case is all one way, nor that the evidence would not support a verdict for the defendant. The case should have been submitted to the jury.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.