HARDEN, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL
.    RAILWAY COMPANY, Respondent.

*January 10 — February 21, 1899.*

*Railroads: Injury to passenger on freight train: Negligence: Contribu-
tory negligence: Court and jury.*

1. The plaintiff, a passenger on a freight train, while standing in the .
   caboose, was thrown against the door by a sudden shock of the cars
   coming together in making a coupling, and was injured.    There
   was evidence tending to show that the parts of the train were
   brought together with unusual violence, such as could be accounted
   for only by negligence in the train hands or defective apparatus.
   *Held* that, although defendant's witnesses fully contradicted any
   unusual violence, the question of defendant's negligence was one
   for the jury. ·
2. The question of plaintiff's contributory negligence should also have
   been submitted to the jury, in view of the evidence in respect to
   his position and his knowledge that a coupling was soon to be
   made.

APPEAL from a judgment of the circuit court for Rock
county: JOHN R. BENNETT, Circuit Judge.  *Reversed.*

Plaintiff lawfully took passage on a freight train accus-
tomed to carry passengers, which, stopping at Elkhorn to
do switching, left the caboose, with three or four cars at-
tached, standing on the track.    Plaintiff, after half an hour's
wait, left his seat in the caboose, and went out on the front
platform, looked at the other part of the train, consisting
of the engine and seven or eight cars, moving about, real-
ized that they were likely before long to back down and
couple onto the rear portion of the train, but saw nothing
indicating how soon.   He returned into the car, stepped
into the closet, and on coming out stopped in the aisle,
with his back toward the front door, hands in pockets,
and spoke with another passenger for a moment.   While so
standing, the engine and front part of the train backed
down to make coupling, and struck the rear part of the

train with unusual severity, according to the testimony of plaintiff and one other witness, but, according to the testimony of others, with no more than usual. Plaintiff was accustomed to ride on freight trains, and had the knowledge common to that experience of the probability of a jar or shock in making couplings. The shock threw him over backward so that he struck the front door and received injuries to his back. At the close of the testimony on both sides the circuit court granted a nonsuit for want of evidence of negligence on the part of the defendant, also intimating that the plaintiff was shown by uncontradicted evidence to be guilty of contributory negligence. From judgment thereon this appeal is taken.

For the appellant there was a brief by *J. J. Cunningham*, attorney, and *M. G. Jeffris*, of counsel, and oral argument by *Mr. Jeffris*.

For the respondent there was a brief by *Jackson & Jackson*, attorneys, and *H. H. Field*, of counsel, and oral argument by *Mr. Field*.

Dodge, J. 1. We find it impossible to agree with the court below in the conclusion that there was no evidence to go to the jury on the question of defendant's negligence. The testimony both of the plaintiff and of the witness Slocum tended to show that the forward portion of the train was driven against the rear part with such violence as could be accounted for only by negligence in the train hands, or defective apparatus. The testimony of both witnesses is that the shock of the collision was more violent than any either had known in the coupling of freight trains, of which both had had much prior experience. Slocum placed the rate of speed of the backing train at four or five miles per hour, of which, however, he obviously could judge only by the violence of the collision. Plaintiff testified that the caboose was driven backward some thirty feet. True, defendant's witnesses very

fully contradict any unusual violence; but for the purpose of nonsuit the evidence for defendant, at least such as merely raises a conflict with that for the plaintiff, is not to be considered. *Lewis v. Prien*, 98 Wis. 87; *O'Brien v. C. & N. W. R. Co.* 92 Wis. 340; *Kruse v. C., M. & St. P. R. Co.* 82 Wis. 568.

2. The question of plaintiff's contributory negligence also, we think, should have been left to the jury. His knowledge, actual or imputed, of the likelihood of an immediate coupling, is by no means clear, though, of course, he must have known that such event would occur before very long. There is evidence tending to show that his stoppage in the aisle for conversation was but momentary. Again, the question is present whether his position was such as to render likely an injury if the coupling were made with ordinary care, or was perilous only in the event, not to be anticipated, of a negligently violent one.

The nonsuit was improper.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.