WILSON, Administratrix, Respondent, vs. CHIPPEWA VALLEY ELECTRIC RAILROAD COMPANY, Appellant.

*December 17, 1907—March 10, 1908.*

*Directing verdict: Reversal: Effect on retrial: Special interrogatories: Evidence: Experiments: Relevancy: Harmless error: Rehearing: Admissions in argument: Changing decision: Death of party: Entry of judgment* nunc pro tunc.

1. Where a judgment, rendered upon a verdict directed for defendant, was reversed by this court on the ground that plaintiff's evidence considered most favorably would sustain a verdict for him, it was not decided that the evidence was of such probative weight that the trial court on a retrial might not set aside a verdict rendered thereon as against the great preponderance of evidence, especially as there was much additional evidence offered by defendant on the second trial tending to disprove the *prima facie* case made by plaintiff.

2. A trial court on a retrial of an action may set aside a verdict for plaintiff and grant a new trial on the ground that such verdict was against the weight of evidence, notwithstanding a previous decision of this court in the same case that there was evidence sufficient to go to the jury on the part of the plaintiff, as the question whether or not plaintiff has made a *prima facie* case for the jury has no bearing upon the question whether defendant has met the case so made by a preponderance of contradictory evidence.

3. In an action for death caused by being struck by an electric car, evidence was offered of experiments made with the car in question at the scene of the accident after the injury for the purpose of proving within what distance the car could be stopped. *Held,* it was for the trial court, before receiving it, to determine upon a proper showing whether the conditions existing on the two occasions were *prima facie* essentially the same.

4. In an action based upon a charge of gross negligence in operating a street car, evidence of experiments made with the car in

question at the scene of the accident after the injury occurred to show within what distance it could be stopped has little, if any, bearing, and its rejection does not constitute prejudicial error.

5. Where gross negligence in the operation of a street car was charged to consist of wilful failure of defendant's servants to make any attempts to stop the car after becoming aware of plaintiff's danger, certain interrogatories are suggested for submission to the jury, in the event of a special verdict being requested on a retrial.

6. It is not considered just in this case to change, on account of argumentative admissions by appellant's counsel on a motion for a rehearing, the decision of this court reversing the judgment of the trial court.

7. Upon suggestion that one of the parties had died after the cause had been argued and submitted to this court but before its decision had been announced, the judgment is vacated and entered *nunc pro tunc* as of the date of such submission.

APPEAL from a judgment of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Reversed.*

The appeal is from a judgment for $5,377.33 damages and costs given in an action for causing the death of David Wilson. The judgment was based upon special verdict, and the appellant assigns error (1) in denying its motion for judgment notwithstanding the verdict; (2), (3), (4), and (5) in denying its motion to set aside each of the answers of the jury to the several questions and to change the answers to conform to the evidence, and for judgment upon the verdict so amended; (6) in denying defendant's motion to vacate and set aside the verdict of the jury and grant a new trial for various reasons set forth in the motion for a new trial; and (7) for error of the trial court in refusing to exercise its discretion to set aside the verdict of the jury and grant a new trial on terms because the verdict was contrary to the great preponderance of the evidence.

For the appellant there was a brief by *Bundy & Wilcox,* and oral argument by *C. T. Bundy.*

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

The following opinion was filed January 8, 1908:

TIMLIN, J.    The action is brought to recover on account of gross negligence of the defendant, and the facts pleaded constituting said gross negligence so far as relevant here are:

"That the agents of the defendant operating the car before it reached the crossing knew and discovered the fact that the deceased was then about to cross and was crossing the track, and discovered the fact that said deceased was in great and imminent peril of being injured and being struck by the car, and knew and discovered the fact that said deceased, without any fault or negligence on his part, was unable to protect himself from said injuries, and said agents and servants, after discovering the perilous position in which said deceased was placed, had ample and sufficient time, had they exercised any care whatever, to stop said car before it reached said crossing, but negligently failed and neglected so to do, and made no attempt to stop said car prior to the time when it struck said deceased, but carelessly, negligently, and wilfully continued to run said car at the speed aforesaid against and onto said deceased without any regard whatever for human life, and without taking any care or caution to prevent said accident, and in a grossly negligent manner wantonly and wilfully ran said car onto and against said deceased, thereby causing said injuries; that said negligence of said defendant, its agents and servants, was so gross as to be in utter disregard of human life, and such as amounted to an intention on their part to inflict upon said deceased intentional injuries."

The case was before this court in *Wilson v. Chippewa V. E. R. Co.* 120 Wis. 636, 98 N. W. 536, upon appeal from a judgment rendered upon a verdict directed for the defendant. The facts will be there found quite fully stated, and so far as the case made by the plaintiff is concerned there is no substantial discrepancy between the case then and now. It must follow that the first assignments of error, which merely challenge the sufficiency of the evidence to make a *prima facie* case for the plaintiff, should be overruled. But in the former decision in this case it was only decided that, looking at the

facts in evidence in the light most favorable to the plaintiff, the jury might be justified in finding a verdict for the plaintiff (*Leiser v. Kieckhefer,* 95 Wis. 4, 69 N. W. 979) ; or that taking all the evidence produced, giving thereto the most favorable construction it will reasonably bear and admitting that it established what it tended to establish, it would sustain a verdict for the plaintiff (*Lewis v. Prien,* 98 Wis. 87, 73 N. W. 654) ; and it was not decided that the evidence was of such probative weight that the trial court might not set aside a verdict rendered thereon as against the clear preponderance of the evidence. *Finkelston v. C., M. & St. P. R. Co.* 94 Wis. 270, 68 N. W. 1005 ; *O'Brien v. C. & N. W. R. Co.* 92 Wis. 340, 66 N. W. 363 ; *Lewis v. Prien, supra.* Besides this, there was much additional evidence upon the part of the defendant on this second trial tending to disprove the *prima facie* case made by the plaintiff.

Under the seventh assignment of error the appellant presents the question whether the trial court erred in refusing to exercise its discretion in the matter of granting a new trial on the ground that the verdict as returned was contrary to the great preponderance of evidence. It would be difficult to affirm this proposition had not the court filed an opinion in writing giving his reasons for denying the motion. He there stated:

"Were it not for the decision of the supreme court on the former appeal this court would at least set aside the verdict and grant a new trial on the ground that the verdict is contrary to the weight of the evidence."

He then sets forth reasons which induced him to the conclusion that the verdict was contrary to the weight of evidence, and added:

"Therefore, brushing aside, as I must, my own personal opinion, and looking only to what the judicial opinion of the trial court should be in the light of the rule laid down by the supreme court as I interpret it, such opinion is that the evidence sustains the verdict."

This then appears to be a case where, after the decision of this court that there was evidence sufficient to go to the jury on the part of the plaintiff, the circuit court upon a second trial interpreted this decision to stand, at least to some degree, in the way of his granting a new trial, notwithstanding it appeared to him at the end of the second trial that the verdict therein rendered was against the great weight or preponderance of the evidence. This was clearly erroneous. The question whether or not the plaintiff has made a *prima facie* case for the jury has no bearing upon the question whether or not the defendant has met the case so made by a great or overwhelming preponderance of contradictory evidence. The trial court was as free to set aside the verdict and grant a new trial upon this latter ground as if the case of the plaintiff had never been pronounced a *prima facie* case by this court, or as he would be in any other case where, notwithstanding the *prima facie* case made by the plaintiff, there is a great preponderance of evidence to the contrary. For this error the judgment must be reversed, and as the trial court has indicated his view of the matter and what he would have done had he not been, as he supposed, constrained by the decision of this court to the contrary, the cause must be remanded for a new trial. *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352, 77 N. W. 714; *Wolfgram v. Schoepke,* 123 Wis. 19, 100 N. W. 1054; *Smith v. Dragert,* 61 Wis. 222, 21 N. W. 46; *Hart v. Godkin,* 122 Wis. 646, 100 N. W. 1057; *Binder v. McDonald,* 106 Wis. 332, 82 N. W. 156; *Ellis v. Barron Co.* 120 Wis. 390, 98 N. W. 232. It appearing from that portion of the complaint quoted in this opinion upon what facts the charge of gross negligence is predicated, those facts should be submitted to the jury by appropriate questions in case a special verdict is requested or submitted at the next trial. In addition to a finding of damages and a question relating to proximate cause, if there is no material change in the evidence two questions will suffice, as follows: (1) While nearing and before reaching the crossing, did it appear to

the motorman that the approaching team was beyond control of the driver, and that in the absence of effort on the part of the motorman a collision with his car at the crossing was inevitable?   (2) While nearing and before reaching the crossing, did the motorman intentionally refrain from making any effort, in good faith, to slacken the speed of or stop his car?   These two questions cover the ground of gross negligence pleaded and the only possible phase of gross negligence which the evidence in any wise tends to support.

Under the sixth assignment of error the appellant presents the question whether there was error in rejecting evidence offered by it of the result of experiments made with the car in question and at the place in question after the injury to the decedent and for the purpose of proving within what distance the car could be stopped.   We perceive no error in this ruling. When such evidence is offered it devolves upon the court before receiving it to determine upon a proper showing whether the conditions existing on the two occasions are *prima facie* essentially the same.   *Zimmer v. Fox River V. E. R. Co.* 123 Wis. 643, 101 N. W. 1099.   In rejecting this evidence the court necessarily passed upon this preliminary requisite of admissibility, and as there is some ground of support for such decision it must stand.   Besides, the action being based upon a charge of gross negligence, the plaintiff can recover only on that ground, and this class of evidence had little, if any, bearing upon that question, and its rejection could scarcely have constituted prejudicial error.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to grant a new trial on the usual terms.

The following opinion was filed March 10, 1908:

TIMLIN, J.   The appellant moved for a rehearing, principally upon the ground that the form of special verdict indicated in the opinion was subject to criticism.

In the zeal of argument the appellant's counsel makes certain admissions for the purpose of demonstrating that the special verdict outlined in the opinion was incorrect. Counsel for respondent filed an affidavit showing that the respondent, *Isabelle Wilson*, died on January 2, 1908, after this cause was argued and submitted and before the decision of this court was announced. They also reply to the appellant's motion for a rehearing by asking this court, upon the admissions of appellant's counsel made in argument for rehearing, now to vacate the former judgment of this court and enter judgment affirming the decision of the court below as of a date prior to the death of *Isabelle Wilson*, and, if such admissions were to be taken literally, they certainly make a strong showing. We are not moved from our former opinion by anything contained in the appellant's argument for a rehearing, nor do we consider it just to change the former disposition of the case on account of any argumentative admissions of counsel for appellant now made on motion for a rehearing; but, upon the suggestion of the death of *Isabelle Wilson*, the respondent, the former judgment of this court is vacated, and the same judgment and disposition of the case entered *nunc pro tunc* as of December 17, 1907.

*By the Court.*—The motion for a rehearing is denied, with $25 costs.