GESSNER, Appellant, vs. ROEMING and another, Respondents.

*April 17—May 8, 1908.*

*Practice: Directing verdict: Evidence: Sufficiency: Partnership debt: Implied contract: Judgment against firm and partner actually served: Appeal: Brief and printed case: Failure to comply with rules: Costs.*

1. Where there is any credible evidence which, most favorably considered, and with the aid of all inferences which might reasonably be drawn, tends to establish plaintiff's cause of action, the court should not direct a verdict for defendant.

2. In an action against partners to recover for board furnished to one of them and partnership employees while engaged in the work of the firm, whether the board was furnished for the benefit of the partnership in response to the request of the other partner and upon his promise to pay therefor are *held* to be questions which should have been submitted to the jury.

3. Although in an action against defendants as partners to enforce a partnership liability one of the partners was not served, a judgment may be rendered in form, under subd. 1, sec. 2884, Stats. (1898), against the entire partnership, enforceable against the partner served and against any partnership property.

4. Where a brief failed to comply with Supreme Court Rule 10, requiring a concise statement of the leading facts or conclusions which the evidence tended to prove, and with Rule 12, requiring references to be made to the printed case where the evidence relied on may be found, and the printed case did not contain an abridgment of the record, as required by Rule 6, *held* that, under Rule 44, no costs will be taxed for printing the case or brief.

APPEAL from a judgment of the county court of Dodge county: J. A. BARNEY, Judge. *Reversed.*

Action against *Roeming* and *Opperman* as copartners under the name of the Northern Contracting Company to recover board furnished them. Plaintiff was a hotel-keeper in Horicon. The defendants were building contractors living elsewhere, who had a contract for work in Horicon requiring their presence while in progress. The evidence tends to prove that *Roeming* applied to plaintiff for board for his men and for himself and partner and was given rates; that while the work was in progress certain of the workmen were boarded at the hotel, as also *Roeming* and *Opperman. Roeming* paid for the board of himself and some of his men, leaving unpaid *Opperman's* board, which is the subject of this suit. *Opperman* was not served personally with summons and made no appearance, except as the attorney for *Roeming* also entered appearance for the partnership of *Roeming* and *Opperman.* After trial to a jury the court directed a verdict in favor of the defendants and entered judgment dismissing the action, from which plaintiff appeals.

*J. E. Malone,* for the appellant.

For the respondents there was a brief by *Healy & Healy,* and oral argument by *J. T. Healy.*

DODGE, J. If there was any credible evidence which, most favorably considered and with the aid of all inferences which might reasonably be drawn, tended to establish that defendant *Roeming,* on behalf of himself or on behalf of a partnership consisting of himself and *Opperman,* requested the furnishing of board by the plaintiff to his partner, the question should have been submitted to the jury. In such case the court has no right to assume to decide it. *Leiser v. Kieckhefer,* 95 Wis. 4, 69 N. W. 979; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 141, 88 N. W. 57; *Tiborsky v. C., M. & St. P. R. Co.* 124 Wis. 243, 247, 102 N. W. 549;

*Gunderson v. Struebing,* 125 Wis. 173, 178, 104 N. W. 149;
*Zentner v. Oshkosh G. L. Co.* 126 Wis. 196, 105 N. W. 911;
*Clark v. Slaughter,* 129 Wis. 642, 645, 109 N. W. 556.   If
that question were answered in the affirmative, the next,
about which there was practically no dispute, was whether
the defendant did furnish board in response to that request.
Thereupon would arise an implied contract to pay for that
which was furnished in response to the defendant's request.
We have no aid from the appellant's brief in ascertaining
whether there was such evidence, but examination at large
of the printed case leaves no doubt. · The plaintiff's wife tes-
tified that the defendant *Roeming* "asked me for board for
his men, himself, and his partner," and that she named the
rates.   This request was made under the condition of knowl-
edge by both parties that defendants as partners had under-
taken certain construction work at Horicon, requiring per-
sonal attention from one or the other.   Immediately after
this transaction *Roeming,* several of their men, and *Opper-
man* came to the hotel and boarded.   *Roeming* paid for his
board and for the board of some of the men.   *Opperman* ap-
pears to have been in charge of the work and to have stayed
in Horicon quite persistently from May until December.
He testifies that the work upon which he was engaged was
work of the partnership consisting of himself and *Roeming;*
that *Roeming* was in charge of the finances; that he boarded
at the hotel on account of the partnership, and that the part-
nership owed plaintiff therefor unless it has been paid; also
that on other occasions, at other places, his board was paid by
*Roeming* while he was engaged in looking after partnership
work.   Plaintiff testifies that *Roeming* requested him not to
demand money of *Opperman* and promised him that the price
of the board would be paid.   In the light of these extracts
from the testimony there surely can be no doubt that the jury,
if they had believed it, might legitimately have concluded
that this board was furnished for the benefit of the partner-

ship in response to the request of *Roeming* and upon his promise to pay therefor. True, there may be some circumstances in the manner of the plaintiff's bookkeeping and the like which might tend to support the idea that he looked upon it as a personal transaction with *Opperman,* but such circumstances are but matter of evidence properly to be considered in connection with all the rest by the jury in the process of reaching a conclusion, which was within their province and not within the province of the court.

There is some comment on the fact that *Opperman* was not served so as to become personally a party to this action; but that fact is no obstacle to the rendition of judgment in plaintiff's favor, in form against the entire partnership, enforceable against the partner served and against any partnership property. Subd. 1, sec. 2884, Stats. (1898).

Both the printed case and the appellant's brief fail in important respects to comply with the rules of this court. As has already been said, the brief is barren of any reference to the items of evidence which it is claimed support the plaintiff's cause of action. Rule 10 requires the brief of the appellant to contain a concise statement "of the leading facts or conclusions which the evidence tends to prove," and Rule 12 requires "references shall be made to the pages of the printed case where the evidence relied on may be found." It is not permissible practice to cast upon the members of this court the labor of searching at large throughout the printed case to ascertain the existence or nonexistence of such evidence.

The foregoing omissions in the brief are emphasized by the defects in the printed case. Rule 6 requires that the appellant shall "print a case containing an abridgment of the record, so far as necessary to present the questions for decision." In the present instance the case contains *in extenso* all the testimony, question and answer, with the frequent repetition of the same statements, some of them wholly uncon-

tradicted and others entirely immaterial to any question raised on the appeal. It is padded with wholly nonessential copies at large of certificates, notices, and the like, to which, at most, a reference was justified. Thus has the printed case been extended over many unnecessary pages and the labors of the members of this court have been multiplied without apparent excuse. It is not in any sense an abridgment. Such flagrant disregard of the rules of this court cannot be over-looked, but must subject the appellant to at least the penalty notified to him by Rule 44, which provides that "no costs shall be taxed for printing any case, supplemental case, or brief unless these rules shall have been complied with."

*By the Court.*—Judgment reversed and cause remanded for a new trial. No costs will be taxed for printing case or brief.