KURATH, Administrator, Respondent, vs. GOVE AUTOMOBILE COMPANY, Appellant.

*April 4—April 23, 1912.*

*New trial: Constructive denial: When deemed an exercise of discretion: Appeal: Reversal: Directing new trial.*

1. The constructive denial of a motion for a new trial, under sec. 2878, Stats. (Supp. 1906: Laws of 1901, ch. 100), will not be treated on appeal as an exercise of discretion where, as in this case, the trial court after the term, believing it had jurisdiction, by an order granting a new trial expressed the opinion that justice had not been done.
2. Under such circumstances, if the facts sustain the trial court's opinion that justice has not been done, the judgment should be reversed and the cause remanded for a new trial.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

Action by the administrator of the estate of Mathias Kurath, deceased, to recover damages sustained by the parents on account of the death of their minor son, aged fifteen and one-half years. The complaint alleges that on the 27th day of September, 1908, while said Mathias Kurath, in the exercise of due care, was crossing Broadway street at the intersection of Ogden avenue, in Milwaukee, he was negligently run over and killed by one William Gaston, who was at the time of the accident a servant in the employ of the defendant and acting within the scope of his authority as such servant. It further alleges that the deceased was a bright and intelligent boy, a student in the Seventh district school and in a school of fine arts in the city of Milwaukee and that he gave promise of a brilliant future as an art student; that he resided with his parents, both of whom survive him, are aged, and will soon be unable to properly support themselves; that they have heretofore received the earnings of said Mathias Kurath and were

in part dependent upon his earnings for their support; and that by reason of the negligence of the defendant the parents of said Mathias Kurath have suffered damages in the sum of $10,000.

The answer was a general denial as to the material allegations of the complaint.

The jury found (1) that Mathias Kurath was injured while crossing Broadway at the intersection of Ogden avenue on the morning of September 27, 1908, by being struck by an automobile driven by one William Gaston, from which injuries said Mathias Kurath died; (2) that William Gaston, when he was about to turn into Broadway from Ogden avenue, and at the time of the accident, ran the automobile in question at an unreasonably fast rate of speed; (3) that said unreasonably fast rate of speed was the proximate cause of the injury; (4) that no want of ordinary care on the part of Mathias Kurath contributed to the injury; (5) that William Gaston at the time of the accident was still in the employ of the defendant; (6) that William Gaston was charged by the defendant with the duty of selling gasoline while he was in defendant's garage and collecting the proceeds of such sales; (7) that on the morning in question William Gaston did sell some gasoline to a stranger; (8) that William Gaston forgot to collect the amount due from said stranger for said gasoline upon the delivery thereof; (9) that William Gaston, after said stranger left the garage, took the automobile in question and drove with it out on the streets for the purpose of finding and collecting from said stranger the amount due for the gasoline; (10) that the defendant company allowed William Gaston, while in its employ, to run or operate an automobile; (11) that the parents of said Mathias Kurath sustained damages in the sum of $1,750, resulting from the death of their son.

The defendant moved on the minutes of the judge to set aside the verdict and for a new trial. The motion was heard

by the court and taken under advisement. It was not, however, acted upon by the court during the term, nor was it continued. At the following term the court rendered a decision setting aside the verdict and granting a new trial, from which order the plaintiff appealed. This court held on such appeal that pursuant to sec. 2878, Stats., as amended (Supp. 1906: Laws of 1901, ch. 100), the motion was constructively overruled by the failure of the trial court to act thereon during the term, and that the trial court had no jurisdiction to act upon it at the subsequent term. See *Kurath v. Gove A. Co.* 144 Wis. 480, 129 N. W. 619. After the *remittitur* from this court reached the trial court, it sought to amend the record by showing a waiver of the requirement that the motion be decided within the term. This court held that the record could not be so amended by the trial court. See *State ex rel. Kurath v. Ludwig,* 146 Wis. 385, 132 N. W. 130. Upon the first appeal the order was reversed and the cause remanded for further proceedings according to law. Subsequently the trial court entered judgment upon the special verdict in favor of the plaintiff. This is an appeal by the defendant from such judgment.

For the appellant the cause was submitted on the brief of *Carroll & Carroll.*

*Charles E. Hammersley,* for the respondent.

VINJE, J. It will be seen from the foregoing statement of facts that no appeal was taken from the constructive denial of defendant's motion for a new trial. The appeal from the judgment necessarily involves the merits of that denial. *Billington v. Eastern Wis. R. & L. Co.* 137 Wis. 416, 417, 119 N. W. 127. If that constructive denial were the only action taken in the matter by the trial court on the motion we should have to deem it the exercise of its discretion adversely to the defendant. *Koch v. Wis. P. C. Co.* 146 Wis. 267, 131 N. W. 404. But the trial court after the term, believing it had ju-

risdiction, expressed its views upon the merits of the case by granting a new trial. Though the action then taken by it was void for want of jurisdiction, the expression of its opinion upon the merits must now be deemed relevant upon the question as to the correctness of the constructive denial of the motion. The trial court by granting the motion after the term clearly indicated that the constructive denial was a mistake, and a result not in accord with its views upon the merits. This construction of the trial court's attitude towards the case is emphasized by its attempt, made in good faith, to so amend its record as to enable it to grant the motion. Such attempt was unsuccessful. See *State ex rel. Kurath v. Ludwig,* 146 Wis. 385, 132 N. W. 130. That fact, however, does not minimize the trial court's lack of belief in the merits of plaintiff's case.

In *Wilson v. Chippewa Valley E. R. Co.* 135 Wis. 18, 114 N. W. 462, 115 N. W. 330, the trial court erroneously was of the opinion that it had no power to grant a new trial, and stated that if it had a new trial would be granted. This court said:

"For this error the judgment must be reversed, and as the trial court has indicated his view of the matter and what he would have done had he not been, as he supposed, constrained by the decision of this court to the contrary, the cause must be remanded for a new trial."

The present case presents a situation where the trial court has by an order granting a new trial expressed the opinion that justice has not been done. True, such expression was made at a time when it was powerless to remedy the miscarriage of justice owing to its having allowed the term to elapse without acting upon the motion, either through forgetfulness or through an erroneous, or perhaps correct, impression that the parties waived the necessity of the motion being decided during the term. Under such circumstances, if the facts in the case sustain the trial court's view that justice has not been

done, the judgment should be reversed and the cause remanded for a new trial. To do otherwise would be to make an innocent party suffer through the forgetfulness or misunderstanding of the trial court, or perhaps owing to the fact that a correct understanding did not appear upon the record.

A careful perusal of the evidence convinces us, as it did the trial court, that Gaston's testimony is not only incredible in itself, but is so contradicted by other credible evidence that no verdict ought to be permitted to rest upon it. Without it, plaintiff's case entirely falls. It would not add to the value of this opinion to state his testimony in detail and point out the many incredible and contradicted parts thereof.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.