Dreblow, Respondent, vs. Albert and another, Appellants.

*November 19—December 9, 1913.*

*Trial: Special verdict: Deficiencies supplied by judgment: Appeal: Printed case: Evidence: Illegal arrest: Malicious prosecution: Milk inspectors.*

1. Where no questions are proposed for a special verdict other than those submitted, if there is anything lacking in the verdict it must, under sec. 2858m, Stats., be considered as supplied by the judgment.

2. The printed case on appeal should contain so much of the evidence as is necessary for the proper consideration of the assignments of error.

3. In an action for false and malicious arrest without legal process and for malicious prosecution, evidence showing, among other things, that plaintiff, a milk dealer, not recognizing defendant as a milk inspector, refused at first to give him a bottle of

milk, but upon being convinced of his official character offered to let him take the milk; that thereafter defendant arrested him without a warrant for such first refusal; and that, although the subsequent issue of a warrant was advised by an assistant city attorney, defendant did not fully and fairly state the case to such attorney, was sufficient to warrant a verdict and judgment for plaintiff.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The cause was submitted for the appellants on the brief of *Ernst von Briesen,* attorney, and *John Sander,* of counsel, and for the respondent on that of *David E. Johnson.*

TIMLIN, J.    Two causes of action were stated in the complaint: one for false and malicious arrest without legal process, and another for malicious prosecution. The jury returned a special verdict upon which the court rendered judgment in favor of the respondent and against the appellants *Albert* and *Krause,* who made the arrest, for $35, and in favor of the respondent and against the appellant *Albert* for $210. No questions were proposed for the special verdict other than those submitted. Consequently, if there is anything lacking in the verdict it must be considered supplied by the judgment in favor of the plaintiff. Sec. 2858*m,* Stats.

The first error assigned by appellants is that of denying their motion for a directed verdict; the second in denying a motion for judgment *non obstante;* and third in denying a motion for a new trial; and fourth, in granting judgment in favor of the plaintiff upon the verdict. The appellants, however, while printing the pleadings and their motion papers at length, have failed to print the evidence except portions of that of the appellant *Albert* and that of City Attorney McIntyre and a very small portion of that of *Krause.* How they expect us to review the assignments of error of the nature stated without printing the evidence is not very ap-

parent.   We have looked into the record sufficiently to ascertain that there was evidence of an arrest without process, considerable detention and restraint of liberty, and a warrant thereafter issued and another arrest made upon a charge of refusing to give a sample of milk to the defendant *Albert*, who is a milk inspector, and the discharge and termination of this prosecution. · The plaintiff, not recognizing *Albert* as a milk inspector, refused to give the latter a bottle of milk, and upon being informed by *Albert* that the latter was a milk inspector the plaintiff asked him to disclose his button or star which the ordinance required him to wear.   *Albert* showed this insignia of his office and the plaintiff offered him the milk, but thereafter *Albert* called *Krause* to his aid and arrested plaintiff without warrant for his first or preliminary refusal, although the plaintiff had, upon being convinced of his official character prior to the arrest, offered to let him take the milk.   This was evidence to the effect that the arrest was quite arbitrary, officious, and unnecessary.   It was illegal because without process, and taking the whole transaction together no offense was committed.   There was further evidence that although the subsequent issue of the warrant was advised by one of the assistant city attorneys, the defendant *Albert* did not fully and fairly state the case to this attorney.   The verdict of the jury and the judgment of the court therefore settle the case against the appellants and we are unable to give them relief without in effect trying the case over in this court.   This we are not permitted to do.

*By the Court.*—Judgment affirmed.