Bloom v. Krueger, 182 Wis. 29.

BLOOM, Respondent, vs. KRUEGER, Appellant.

*October 18—November 13, 1923.*

*Master and servant: Employee using employer's car to go to lunch: Injury to third person: Scope of employment: Appeal: Printed case: Unnecessary printing.*

1. An employee of the defendant, during the lunch hour, used the defendant's motor truck in going to his home for lunch, and on returning to work injured plaintiff. *Held,* under the facts

in this case, that the truck was not used by the employee within the scope of his employment or in his master's business, even if the employer had consented to such use.   p. 32.
2. One third of defendant's printed case having been devoted to medical testimony not involved in the issues, and a large portion of the balance of the case consisting of evidence by question and answer, in violation of Supreme Court Rule 6, defendant is permitted to tax costs only for space that would have been sufficient to present approximately all of the issues.   p. 33.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge.  *Reversed.*

The appeal is from a judgment in favor of the plaintiff in a personal injury action.

The defendant is engaged in the automobile business at Milwaukee, and in the year 1921 employed one Parris as a car washer and a general handy-man.   It was customary for Parris, who was allowed thirty minutes for lunch, to carry the same with him and eat it at the place of his employment; and it also appears that on numerous occasions he resumed his employment before the expiration of his lunch period.   Some considerable time prior to the accident Parris had on a number of occasions, with the express or implied consent of his foreman, used one of defendant's service trucks in going to his home for the purpose of eating his lunch, and he testified that on the day of the accident he failed to carry his lunch with him, and that with the tacit assent of his foreman he made use of the defendant's truck. While returning from his home to his place of employment the truck collided with the plaintiff, and the latter charged the defendant with negligence which proximately contributed to the injuries which the plaintiff sustained.   The defendant in his answer denied the charge of negligence and alleged that at the time of the accident the truck was not operated by his employee, Parris, within the scope of his employment, and that such operation did not facilitate the

master's business, but that the truck was solely used by the employee for his individual benefit.

The case was submitted to the jury upon a special verdict consisting of ten questions, all of which were answered favorably to the plaintiff. To the first question of the special verdict, viz.: "Was Ellis Parris, at the time of the collision, using defendant's truck with the knowledge and consent of the defendant?" the jury answered "Yes;" and to the second question, "Was Ellis Parris, at the time of the collision, using said truck within the scope of his employment by the defendant and to facilitate the latter's business?" the jury also answered "Yes."

The defendant's counsel thereupon moved to change the answers of the jury to questions 1 and 2 from "Yes" to "No," and for judgment dismissing the plaintiff's complaint with costs, and the plaintiff moved for judgment on the verdict. Defendant's motion was denied and plaintiff's motion was granted; and the refusal of the court to grant defendant's motion is assigned as one of the errors complained of.

The foregoing comprises the evidence most favorable to the plaintiff upon the issue considered and treated in the opinion.

For the appellant there was a brief by *McMahon, McMahon & Hayes* of Milwaukee, and oral argument by *Gerald P. Hayes* and *Stephen J. McMahon.*

*Robert A. Hess* of Milwaukee, for the respondent.

DOERFLER, J.   During the lunch period the relationship of master 'and servant between the defendant and Parris was suspended, and the employee was at liberty to utilize his time solely for his own individual benefit and purposes. In other words, the lunch time was the employee's time and not the employer's. It is true that the evidence shows that Parris as an employee was exceptionally loyal and devoted to his employer's interests, and that upon numerous occa-

sions he resumed his work for the benefit of the employer before the expiration of the time allotted for lunch. The lunch period was exceptionally brief, and the amount of service out of this period which the employee could devote to his master's business could only be negligible. But when we consider the facts in the instant case—the brief lunch period, the necessity of traveling back and forth a distance of nearly two miles, and the time ordinarily necessary to consume lunch,—there would be little or no time intervening during the half hour for the employee to perform service for the master; and it seems incredible, assuming that the master had knowledge of and consented to the use of the truck, that either he or the employee had in mind any benefit that would accrue to the master by the permission to use the truck.

The controlling fact in the case, which stands out foremost above all others, consists of the employee's use of the truck solely for the purpose of enabling him to obtain his noonday meal. Assuming that the employer either expressly or impliedly consented to the use of his truck for this purpose, such use was and must be deemed to have been solely for the employee's benefit during a period of time while the relationship of master and servant was suspended. An act of kindness on the part of the employer under such circumstances, while it may create a spirit of loyalty in the relationship existing between the employee and the master, cannot be construed to operate as a continuance of the relationship during a period where, under the law and the facts, such relationship has actually been suspended.

It is therefore held that the truck in question was not used by the servant within the scope of his employment or for the purpose of facilitating the master's business.

This case is ruled by the decisions of this court in *Steffen v. McNaughton,* 142 Wis. 49, 124 N. W. 1016, and *Gewanski v. Ellsworth,* 166 Wis. 250, 164 N. W. 996.

Bloom .v. Krueger, 182 Wis. 29.

The lower court therefore erred in ordering judgment for the plaintiff on the special verdict, and the motion of the defendant to change the answer of the jury to question number 2 of the special verdict from "Yes" to "No" and to order judgment for the defendant should have been granted.

Defendant's printed case constitutes a serious infraction of Rule 6, ch. II, of the rules of this court. Approximately one third of the case is devoted to medical testimony not involved in the issues presented on this appeal, and a large portion of the balance of the case presents a record of the evidence by question and answer. Under the circumstances we have concluded to permit the defendant to tax costs only for one hundred pages of printed case, as we are convinced that such space would have been amply sufficient for the purpose of presenting approximately all of the issues. *Dehsoy v. Milwaukee E. R. & L. Co.* 110 Wis. 412, 85 N. W. 973; *Moore v. Dickson,* 121 Wis. 591, 99 N. W. 322; *Gessner v. Roeming,* 135 Wis. 535, 116 N. W. 171; *Swanke v. Herdeman,* 138 Wis. 654, 120 N. W. 414; *Johanson v. Webster Mfg. Co.* 139 Wis. 181, 120 N. W. 832; *Steinberg v. Salzman,* 139 Wis. 118, 120 N. W. 1005; *Dreblow v. Albert,* 155 Wis. 189, 144 N. W. 254.

*By the Court.*—Judgment reversed, and the cause is remanded with directions to the lower court to dismiss the complaint with costs.