## ELKHORN PINEY COAL MINING CO. v. HAZELETT.

### No. 6029.

Circuit Court of Appeals, Sixth Circuit.

Dec. 6, 1932.

Henry Simms, of Huntington, W. Va. (Simms & Staker, of Huntington, W. Va., on the brief), for appellant.

W. E. Burgess, of Wayne, W. Va. (Hammock & Burgess, of Wayne, W. Va., and Vinson & Miller, of Ashland, Ky., on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

On June 22, 1929, appellee was injured through the negligence of one Harry S. McKalip, mine superintendent of the appellant company, who was then driving an automobile furnished by appellant for his

use at or about the mines. The sole question for our consideration is whether McKalip was at the time engaged upon the business of his employer so as to make the latter liable for his tort under the doctrine of respondeat superior. The general rule is no longer open to doubt. "The master's responsibility cannot be extended beyond the limits of the master's work. If the servant is doing his own work or that of some other, the master is not answerable for his negligence in the performance of it." Standard Oil Co. v. Anderson, 212 U. S. 215, 221, 29 S. Ct. 252, 254, 53 L. Ed. 480. Cf. New Orleans M. & C. Railroad Co. v. Hanning, 15 Wall. 649, 657, 21 L. Ed. 220; New York Central R. Co. v. White, 243 U. S. 188, 204, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; Linstead v. Chesapeake & Ohio Ry., 276 U. S. 28, 48 S. Ct. 241, 72 L. Ed. 453; Denton v. Yazoo & M. V. R. Co., 284 U. S. 305, 308, 52 S. Ct. 141, 76 L. Ed. 310; Texas Co. v. Brice, 26 F.(2d) 164 (C. C. A. 6).

McKalip lived at Weeksbury, Ky., the site of one of the several mines of appellant. His family resided in Huntington, W. Va. The automobile was furnished primarily to enable the superintendent to travel between the different mines in the performance of his duties, but no restrictions were placed upon its use. On the afternoon of the accident, McKalip left Weeksbury between 3 and 4 o'clock to drive to Huntington, 145 miles distant, and there to see his family and to make arrangements for their moving to Weeksbury. The accident happened about twelve miles outside of Huntington. There is no suggestion in the evidence that McKalip was to attend to any business of the appellant either in Huntington or en route, or that the journey was in any sense required for the due prosecution of the employer's business. Under these circumstances we are of the opinion that the expedition must be regarded as solely that of McKalip, and that he was not at the time of the accident engaged in the performance of the master's work, in whole or in part, directly or indirectly. A verdict should therefore have been directed for defendant below.

However, it is earnestly contended by the appellee that this case falls within the principle of those decisions in which liability was predicated upon the fact that when the plaintiff was injured the employee was going to his luncheon, or was coming to or returning from work, with the consent and by authority of the master, in a vehicle owned or used in the business. Silent Automatic Sales Corp. v. Stayton, 45 F.(2d) 471 (C. C. A. 8), is typical of this line of decisions. In these cases it is thought that the saving of time, and other benefits arising from the use of the automobile, inured as well to the advantage of the employer as the employee, and brought the employee's act within the scope of his employment. Thus it is here urged that had McKalip not used the company's automobile he would of necessity have had to take a train which left Weeksbury at 11 in the morning, instead of remaining on duty until midafternoon. Therefore the use of the automobile for the journey, it is contended, may properly be said to have been in the interest of the employer, and a means at that time actually being used the better to carry on the business of the employer.

Without approving or disapproving the decisions upon which this argument is founded, we are of the opinion that they do not here apply. McKalip was not making a journey comparable in any respect to those mentioned there. That the use of the automobile incidentally redounded to the benefit of the employer may be conceded, but that the accident therefore happened at a time when McKalip was engaged in carrying on his employer's business does not follow. At that time he had already embarked upon a mission entirely his own, and the relation of agency was for the time being and to that extent suspended. Neither the fact that the automobile had been furnished by the appellant to facilitate the general service, nor the fact that its proposed use for a purely personal journey had enabled the servant to remain at work longer and would permit him to return more quickly, affects the nature and purpose of the trip. These are facts upon which there is no dispute in the evidence.

It follows that the judgment of the District Court must be reversed, and the cause remanded for a new trial. In addition to the cases already cited, this course is indicated both by reason and, we think, the greater weight of considered authority. See Gewanski v. Ellsworth, 166 Wis. 250, 164 N. W. 996, followed in Bloom v. Krueger, 182 Wis. 29, 195 N. W. 851; Winslow v. Everson, 221 Ky. 430, 298 S. W. 1084; O'Rourke v. A-G Co., Inc., 232 Mass. 129, 122 N. E. 193; Fisher v. Fletcher, 191 Ind. 529, 133 N. E. 834, 22 A. L. R. 1392; Kish v. California State Automobile Ass'n, 190 Cal. 246, 212 P. 27; Healey v. Cockrill, 133 Ark. 327, 202 S. W. 229, L. R. A. 1918D, 115; Silverado S. S. Co. v. Prendergast, 31 F.(2d) 225 (C. C. A. 9). Cf. Ritter v. Hicks, 102 W. Va. 541, 135 S. E. 601, 50 A. L. R. 1505.

Reversed and remanded.