Banks, Respondent, vs. Chicago, Milwaukee, St. Paul & Pacific Railroad Company, Appellant.

*March 17—April 12, 1938.*

For the appellant there were briefs by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump*.

For the respondent there was a brief by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *John J. Devos*.

FOWLER, J.   The defendant assigns as error, (1) the refusal of the court to submit to the jury the question as to contributory negligence of the plaintiff; and that (2) the damages assessed were excessive, and asks for a new trial.

(1) By refusing to submit a question as to plaintiff's contributory negligence, the court determined that the plaintiff as matter of law was not guilty of contributory negligence. No case is called to our attention, and we find none, in which it has been held as matter of law that a passenger injured through standing in the aisle before the train stopped was not guilty of contributory negligence.   There are some cases holding as matter of law that a passenger so standing and injured was guilty of contributory negligence, although the generally accepted rule is that it is for the jury to determine whether the conduct of the passenger under the facts of the case constituted contributory negligence.   Wherever the question of contributory negligence as matter of law has heretofore arisen in the courts, it has been whether the passenger was guilty of such negligence as matter of law, never whether the passenger was not so guilty.   The latest text upon the point is 10 Am. Jur. p. 293, § 1502.   It is there said:

".   .   .   It is generally accepted that the jerks and jolts incident to the operation of freight trains and mixed trains

impose upon a passenger in such a train a proportionately greater degree of care in not exposing himself to danger by standing when it is not necessary to do so. Accordingly, it has been held that the fact that a passenger on a mixed train was standing, with seats available, when he sustained injury due to the sudden movement of the train, is persuasive evidence of contributory negligence on his part."

The rule is stated in 10 C. J. p. 1136, § 508, as follows:

"A passenger is not justified in incurring the risk incident to standing in a car, and thus subjecting himself to injury from jerks and jars which would not imperil his safety if he were properly seated, and this may constitute contributory negligence. . . . Inasmuch, however, as it is not generally practicable or usual in the course of the business to require passengers to remain in a seat without moving, from the beginning to the end of the journey, it is properly a question of fact whether, under the circumstances, a passenger is negligent in standing in a car while it is in motion."

We consider these statements fair deductions from the decisions cited in their support. Collections of the cases bearing upon the point are given in notes in 50 A. L. R. 1365; 50 L. R. A. (N. S.) 441; 13 Ann. Cas. 122, 124; 4 Ann. Cas. 748. More care is required of passengers in mixed trains than in those carrying passengers only. It is expressly so declared in *Harris v. Hannibal & St. J. R. Co.* 89 Mo. 233, 1 S. W. 325; *Yazoo & Mississippi Valley R. Co. v. Humphrey,* 83 Miss. 721, 36 So. 154. The only case in this state involving a steam railway that bears upon the point is *Harden v. Chicago, M. & St. P. R. Co.* 102 Wis. 213, 78 N. W. 424. It was there held a question for the jury whether a passenger standing in the caboose of a freight train when he knew a coupling was to be made was guilty of contributory negligence.

We are of opinion that a question whether the plaintiff was contributorily negligent under the circumstances of the

instant case should have been submitted to the jury. As a new trial must be had under (1) above, it is not necessary to consider whether the damages awarded by the jury were excessive.

*By the Court.*—The judgment of the circuit court is reversed, and the record is remanded with directions to the court to grant a new trial.