Ohrmund and another, Appellants, vs. Industrial Commission and another, Respondents.

*January 13—April 11, 1933.*

154

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *W. L. Jackman* and *Harold M. Wilkie.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Irving P. Mehigan* of Milwaukee, for the respondent Paro.

The following opinion was filed February 7, 1933:

Rosenberry, C. J.   Sec. 102.03, Stats. 1929, imposes liability for compensation where the following conditions of compensation occur: (1) where the employee and the employer are subject to the provisions of the act;

"(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment.

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment."

The question to be decided in this case is whether or not the claimant Paro was at the time of his injury performing services growing out of and incidental to his employment.   He was not upon the premises of his employer and therefore not in that respect within the provisions of sub. (2).

In *Milwaukee v. Althoff,* 156 Wis. 68, 145 N. W. 238, it was held that the relation of master and servant under the workmen's compensation act might in some instances extend to places other than the premises of the master where the servant is employed while he is going to and from work.

In *Hornburg v. Morris,* 163 Wis. 31, 157 N. W. 556, it was held that the enactment of ch. 599, Laws of 1913, which provided that an employee should be deemed to be performing services growing out of and incidental to his employment while on the premises of his employer, limited the operation of the statute to cases where the employee was on the master's premises.   Where it appears that the employee was not upon the premises of the master, in order to entitle the employee to the benefits of the compensation

act it must appear that he was performing some service growing out of and incidental to his employment.

The finding of the commission in the instant case is based solely upon the proposition that the employer, by requesting the employee to hurry back from his lunch, made the employee his servant for the purpose of going to and from his home where he ate his luncheon. It appears without dispute that the employee was working for monthly wages; that on the day in question he was entitled to the afternoon off but that at the request of his employer he agreed to work; for this overtime he was paid extra compensation by the hour. His compensation began when he returned; he received no compensation and expected none for the time consumed in going for his meal. It is difficult to imagine what services the employee rendered to his employer in going to his home for this meal. During that period he was on his own time, he was subject to no control while away, he performed no act which in the slightest degree advanced his employer's interest. In hurrying back he was not rendering a service, he was returning to a place where he was required to present himself for the purpose of future service. It was a part of his duty as an employee to present himself at the place where the service was to be rendered. The master had not agreed to transport him and did not transport him. Therefore the relation of employer and employee did not exist until he returned to the place where, by the terms of employment, he was required to perform service. *Geldnich v. Burg,* 202 Wis. 209, 231 N. W. 624. This case is ruled clearly by *Bloom v. Krueger,* 182 Wis. 29, 195 N. W. 851. Speaking for the court in that case, DOERFLER, J., said:

"The controlling fact in the case, which stands out foremost above all others, consists of the employee's use of the truck solely for the purpose of enabling him to obtain his noonday meal. Assuming that the employer either expressly

or impliedly consented to the use of his truck for this purpose, such use was and must be deemed to have been solely for the employee's benefit during a period of time while the relationship of master and servant was suspended. An act of kindness on the part of the employer under such circumstances, while it may create a spirit of loyalty in the relationship existing between the employee and the master, cannot be construed to operate as a continuance of the relationship during a period where, under the law and the facts, such relationship has actually been suspended."

In the instant case suppose the employer had handed the employee fifty cents with which to pay for his luncheon and asked him to go to a nearby restaurant for his meal; it could not be argued that while on his way to and from the restaurant the employee was performing any service for his employer. The mere fact that the employer requested the employee to hurry back did not extend the relationship of employer and employee. In procuring his noonday meal the employee was on his own business. His employer by the loan of his car made it possible for him to return to the service of his employer sooner; he did not make the eating of the meal a service to the employer. The employee sustained an unfortunate injury and it is perhaps his misfortune that it was sustained at a time when the relationship no longer continued. However, his misfortune ought not to be visited on his employer who had merely sought to extend to him a courtesy although it was to their mutual advantage.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to set aside the award.

A motion for a rehearing was denied, without costs, on April 11, 1933.