Brown, Appellant, vs. Industrial Commission and others, Respondents.

*December 6, 1940—January 7, 1941.*

For the appellant there was a brief by *Ela, Christianson & Ela* of Madison, and oral argument by *G. Burgess Ela.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Fox Motor Company and Employers Mutual Liability Insurance Company there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Laurence E. Hart.*

FAIRCHILD, J.  Appellant claims that the findings of the commission, confirmed by the circuit court, are conclusions of law subject to review, rather than findings of fact which are conclusive.  He insists that transportation to and from work was a part of the consideration.  The terms of the contract of employment are important.  The specific contract provisions are facts to be found by the commission which if supported by credible evidence are conclusive.  *Tesch v. Industrial Comm.* 200. Wis. 616, 229 N. W. 194; *Indrebo v. Industrial Comm.* 209 Wis. 272, 243 N. W. 464.  At most, the use of the car was an allowance in the way of pay which placed no obligation on the employer to transport appellant to and from work.  An employer, agreeing in his contract with an employee merely to permit the use of one of his automobiles by the employee in going between the employee's home and the employer's place of business, does not become liable for the transportation of the employee.  *Bloom v. Krueger,* 182 Wis. 29, 195 N. W. 851, 23 N. C. C. A. 319; *Geldnich v. Burg,* 202 Wis. 209, 231 N. W. 624; *Ohrmund v. Industrial Comm.* 211 Wis. 153, 246 N. W. 589; *Goldsworthy v. Industrial Comm.* 212 Wis. 544, 250 N. W. 427; *Wisconsin Carbonic*

*Gas Co. v. Industrial Comm.* 219 Wis. 234, 262 N. W. 704; *Githens v. Industrial Comm.* 220 Wis. 658, 265 N. W. 662.

Ordinarily, an employee going to his place of employment is in the prosecution of his own business. There is nothing in the facts presented to show any means by which the employer could control the transportation or the use of the automobile which the employee was permitted to use. The understanding was that the salesmen could use a car at any time for their own purposes, so long as they did not abuse the privilege. If no car was available, the employer was under no obligation to furnish one.

*By the Court.*——Judgment affirmed.