KERIN, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 14—February 10, 1942.*

618

*Francis C. Quilty* of Madison, for the appellant.

For the respondents there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, attorneys for O. T. Havey and the Employers Mutual Liability Insurance Company, the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and oral argument by *Mr. Levitan* and *Mr. F. Halsey Kraege.*

Martin, J. Appellant contends that the findings of the Industrial Commission are conclusions of law subject to review rather than findings of fact which are conclusive. While counsel differ as to whether the question presented is one of law or one of fact it is unimportant as we view the undisputed facts. It is not claimed that the employer had agreed to actually transport the deceased or other employees engaged on the Evansville job daily to and from their place of work. In appellant's brief it is said:

"The employee, Kerin, in this case, never boarded, roomed, or lodged in Evansville."

Nelson, the business manager of the union, whose duty it was to negotiate with the employers in his jurisdiction as to wages to be paid and allowances made to employees under the terms of the contract of employment, and who negotiated the contract in question, agreed with the respondent, Havey, that employees who had cars of their own and wished to commute between their home and their place of employment were to be allowed to make use of their cars; and instead of receiving board and lodging in Evansville under the terms of the contract they were to be allowed $1.50 per day, they to assume the expense of the use of their cars. Since Kerin did not board or room in Evansville, it is clear that the statements which he rendered to his employer, at the rate of $1.50 per

day, were for the use of his car in going to and from his work daily. So his interpretation of the provision in the contract for transportation is in accordance with Nelson's testimony and the findings of the commission that it was optional with employees to accept the sum of $1.50 per day in addition to their regular wage or receive board and room at Evansville.

Sec. 102.03 (1) (c), Stats. 1939, recognizes that an employee, injured while off from the premises of the employer, and while on his way to and from work, is not covered by the Workmen's Compensation Act. Only in cases where the employer has agreed to actually transport employees as a part of the contract of employment does the act apply. In such cases the employer determines the means of transportation, the route traveled, the time and place for the employees to assemble for transportation. In such cases the employer has the control of the transportation. Such considerations are pointed out in *Rock County v. Industrial Comm.* 185 Wis. 134, 200 N. W. 657.

In the recent case of *Brown v. Industrial Comm.* 236 Wis. 569, 295 N. W. 695, it was held that where a used-car salesman was merely permitted to make use of any available car of his employer in going between the employee's home and the employer's place of business, and there was no obligation on the employer to transport the employee to and from work, there was no contract to furnish transportation, and the employee was not performing services growing out of and incidental to his employment when injured while attempting to start the car at his home preparatory to leaving for work. At page 570 the court said:

"At most, the use of the car was an allowance in the way of pay which placed no obligation on the employer to transport appellant to and from work. An employer, agreeing in his contract with an employee merely to permit the use of one of his automobiles by the employee in going between the employee's home and the employer's place of business, does

not become liable for the transportation of the employee. *Bloom v. Krueger,* 182 Wis. 29, 195 N. W. 851; *Geldnich v. Burg,* 202 Wis. 209, 231 N. W. 624; *Ohrmund v. Industrial Comm.* 211 Wis. 153, 246 N. W. 589; *Goldsworthy v. Industrial Comm.* 212 Wis. 544, 250 N. W. 427; *Wisconsin Carbonic Gas Co. v. Industrial Comm.* 219 Wis. 234, 262 N. W. 704; *Githens v. Industrial Comm.* 220 Wis. 658, 265 N. W. 662.

"Ordinarily, an employee going to his place of employment is in the prosecution of his own business. There is nothing in the facts presented to show any means by which the employer could control the transportation or the use of the automobile which the employee was permitted to use."

In *Ohrmund v. Industrial Comm., supra,* the employer loaned his car to the employee with the request that he hurry back to work after lunch. On the return trip employee was injured. Compensation was denied. At page 156 the court said:

"It is difficult to imagine what services the employee rendered to his employer in going to his home for this meal. During that period he was on his own time, he was subject to no control while away, he performed no act which in the slightest degree advanced his employer's interest. In hurrying back he was not rendering a service, he was returning to a place where he was required to present himself for the purpose of future service. It was a part of his duty as an employee to present himself at the place where the service was to be rendered. The master had not agreed to transport him and did not transport him. Therefore the relation of employer and employee did not exist until he returned to the place where, by the terms of employment, he was required to perform service."

In the instant case the contract of employment, so far as here material, provides:

"When men are sent outside of the jurisdiction of the union, all transportation, board and lodging must be paid by the employer."

By no process of reasoning can this language be construed as an agreement on the part of the employer to actually transport the employee; and a mere additional daily allowance to the employee, which he is at liberty to use for board and room at his place of employment or for travel to and from work in the employee's car, does not extend the compensation act so as to cover the employee while commuting to and from his work.

In the *Brown Case, supra,* the employee was permitted to make use of any available car of his employer in going to and from his home to the employer's place of business. In that case the employer actually furnished a car for the transportation of his employee. The court held the use of the car was an allowance in the way of pay which placed no obligation on the employer to transport the employee. In the instant case, after quitting time at 4:30 p. m., Kerin had nothing to do for his employer until he returned to work the following morning at 8 a. m. In the interim the employer had no control over Kerin as to his means of transportation to and from his work, or in any other respect. This conclusion must follow from the undisputed facts in the case. The specific contract provisions are facts to be found by the commission which, if supported by credible evidence, are conclusive. *Brown v. Industrial Comm., supra,* and cases cited. The facts found by the commission are fully sustained by the evidence. However, were we to accept appellant's theory that the question presented was one of law, on the evidence we would be obliged to hold that the commission correctly interpreted the contract.

*By the Court.*—Judgment affirmed.