BITKER CLOAK & SUIT COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*November 12—December 8, 1942.*

654

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *E. H. Borgelt* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

WICKHEM, J.   The appellants contend that upon the undisputed evidence Miss Miller was not at the time of the accident performing services growing out of and incidental to her employment.   Respondents contend that the question is whether the evidence sustains the commission's findings that at the time of the injury Miss Miller was performing services growing out of and incidental to her employment.

The evidence, which is not in dispute, may briefly be stated. Miss Miller was a saleslady at the Bitker store.   Her duties

required her occasionally to call upon customers and make collections. On December 16, 1940, she was instructed to call on a customer for some such purpose before coming to work. She proceeded from her home and for a time the route to the home of her customer and that to the store coincided. Before arriving at a point in her trip where the route to the customer's home deviated from that to the store, she slipped on the sidewalk and was injured.

Appellants take the position that under sec. 102.03, Stats., employees are to be considered to be performing services growing out of their employment while going to and from work only while on the premises of their employer. *Western Fruit Co. v. Industrial Comm.* 206 Wis. 125, 238 N. W. 854; *Brown v. Industrial Comm.* 236 Wis. 569, 295 N. W. 695; *Kerin v. Industrial Comm.* 239 Wis. 617, 2 N. W. (2d) 223; *Ohrmund v. Industrial Comm.* 211 Wis. 153, 246 N. W. 589; *Githens v. Industrial Comm.* 220 Wis. 658, 265 N. W. 662.

From this it is concluded that the trip to and from work, except for that portion of it which is on the premises of the employer, has the same status as any personal errand. Following the rule of *Barragar v. Industrial Comm.* 205 Wis. 550, 238 N. W. 368, appellants contend that Miss Miller was on a trip to work which, until the premises of her employer were reached, must be regarded as outside the scope of her employment; that since the accident happened before the point in the trip had been reached to deviate from the route to work, her detour for the purpose of serving her employer had not commenced, and she must as a matter of law be considered to have been still on her way to work.

The argument is ingenious and presents some difficulty, but we think that appellants' position cannot be sustained. A great deal depends in this case upon what is considered to be the "trip," and it appears to us that the commission and trial court rightly concluded that the trip in this case was from the defendant Miller's home to that of the customer, and not a trip to work to be interrupted by a call on the customer. Defend-

ant Miller was directed to, and started out to call upon the customer. It was no concern of her employer where she started out from, or what route she took to work. So far as the employer was concerned, her trip to work could be from any point so long as she arrived at work within the time prescribed by the employer. What the employer was interested in was that she go to see the customer from wherever she happened to be, and that she do this before reporting to work. It was a pure coincidence that the routes were identical for a short distance from Miss Miller's home. Under these circumstances, we think that this cannot be treated as a single trip to work with a detour for the purposes of employment, and such a conclusion could only be reached by arbitrarily designating it as such. See *Githens v. Industrial Comm., supra.* It is the rule in this state that an employee, whose duty it is to travel on behalf of an employer and to do work away from the premises of the employer and who is not required to report to the premises before starting out to do this outside work, is performing services as soon as he leaves his home and starts for the first place at which he is to perform such work. *United States C. Co. v. Superior H. Co.* 175 Wis. 162, 184 N. W. 694; *West Bend v. Industrial Comm.* 202 Wis. 319, 232 N. W. 524.

It seems clear to us that claimant is in this very situation. If a traveling salesman has a duty to call upon his customers during the day without reporting to the premises of his employer, but has an obligation at some time during business hours to come to the plant and make a report, we think it would be straining matters to hold that all of the calls made during the day were but deviations from the trip to work. We see nothing in this contrary to the doctrine of the *Barragar Case, supra,* in which concededly a single trip was involved.

*By the Court.*—Judgment affirmed.