Michael McRAE, Plaintiff-Appellant,†

v.

PORTA PAINTING, INC., Secura Supreme and Labor and Industry Review Commission, Defendants-Respondents.

Court of Appeals

*No. 2008AP1946. Submitted on briefs March 19, 2009. —Decided May 20, 2009.*

2009 WI App 89

(Also reported in 769 N.W.2d 74.)

† Petition to review denied 11/3/09. Roggensack, J., dissents.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert T. Ward* of *Ward Law Firm*, Waukesha.

On behalf of the defendant-respondent LIRC, the cause was submitted on the brief of *David A. Hart*, assistant attorney general, and *J. B. Van Hollen*, attorney general.

On behalf of the defendants-respondents Porta Painting and Secura Supreme, the cause was submitted on the brief of *Mark A. Ringsmuth* and *Gesina M. G. Mentink* of *Alpin & Ringsmuth, LLC*, Deerfield.

A nonparty brief was filed by *Daniel R. McCormick* of *McCormick Law Office* of Milwaukee, for the Wisconsin Association for Justice.

Before Brown, C.J., Snyder and Neubauer, JJ.

¶ 1. NEUBAUER, J. Michael McRae appeals from a circuit court order affirming a decision by the Labor and Industry Review Commission which denied worker's compensation coverage for injuries McRae sustained in an automobile accident. McRae challenges

the Commission's determination that he was not performing services growing out of and incidental to his employment at the time of the accident, which occurred while he was traveling from his home to a job site located away from the premises of his employer, Porta Painting, Inc. Because we conclude that the Commission's application of WIS. STAT. § 102.03(1) (2007–08)[1] to the circumstances presented in this case is reasonable, we affirm.

## BACKGROUND

¶ 2. McRae was a union painter employed by Porta Painting, a company with headquarters located in Waukesha, Wisconsin, at the time of the accident. McRae normally drove from his personal residence in Twin Lakes, Wisconsin, directly to a particular job location he was assigned to for that day; however, on occasion, McRae would stop by the Waukesha headquarters to pick up supplies on his way to a job site. McRae drove his personal car and did not receive any reimbursement for travel unless the job site was outside a five-county area. McRae's paid time began upon his arrival to an assigned job site.

¶ 3. On January 7, 2005, at 5:40 a.m., McRae was driving his personal vehicle from his home to a job site at Aldrich Chemical Company in Milwaukee when he was involved in an accident with another vehicle and sustained serious injuries. As a result of the accident, McRae was off work for a substantial period of time and sustained permanent disability due to injuries to his left hip and ankle, dental injuries, and a possible permanent disability due to a head injury. McRae brought a

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

claim for worker's compensation benefits under WIS. STAT. ch. 102 alleging that, at the time of injury, he was performing services growing out of and incidental to his employment under WIS. STAT. § 102.03(1), and he was a traveling employee as defined by § 102.03(1)(f).

¶ 4. A hearing was held before an administrative law judge (ALJ) on July 13, 2006. The ALJ determined that McRae was injured while performing services growing out of or incidental to his employment and was entitled to benefits. The Commission later reversed the ALJ's determination, explaining:

> In the case at hand, the applicant was driving his own vehicle when the accident occurred. He received no reimbursement for the commute that was within the five-county area established in his union contract. There was no business-related purpose to the applicant's commute, he was simply going to work . . . . The applicant was not performing any special errand when the accident occurred on January 7, 2005.
>
> Accordingly, under the facts and circumstances of this case, it must be found that when the applicant was injured he was not performing service growing out of and incidental to his employment with the employer.

McRae requested judicial review; the circuit court affirmed the Commission's decision. McRae appeals.

## DISCUSSION

### Standard of Review

¶ 5. In an appeal following an administrative agency decision, we review the decision of the agency, not that of the circuit court. *American Mfrs. Mut. Ins. Co. v. Hernandez*, 2002 WI App 76, ¶ 11, 252 Wis. 2d

155, 642 N.W.2d 584. We do not weigh the evidence or pass upon the credibility of the witnesses, and we uphold the Commission's findings of fact on appeal if they are supported by credible and substantial evidence in the record. *Id.*; WIS. STAT. § 102.23(6). When we review an administrative agency's interpretation of a statute, there are three possible levels of deference: great weight, due weight or de novo. *American Mfrs.*, 252 Wis. 2d 155, ¶ 11.

■

¶ 6. While the parties do not challenge the Commission's findings of fact, the parties disagree as to which level of deference should be afforded the Commission's interpretation of WIS. STAT. § 102.03. McRae contends that our review should be de novo because the Commission's decision in this case conflicts with established law, namely the supreme court's decision in *Bitker Cloak & Suit Co. v. Miller*, 241 Wis. 653, 6 N.W.2d 664 (1942). The respondents argue that the Commission is entitled to "great weight" deference. The supreme court has recently summarized the three levels of deference as follows:

> An agency's interpretation of a statute is entitled to great weight deference when: (1) the agency was charged by the legislature with the duty of administering the statute; (2) the interpretation of the agency is one of long-standing; (3) the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) the agency's interpretation will provide uniformity in the application of the statute.

> We grant an intermediate level of deference, due weight, "where an agency has some experience in the area, but has not developed any particular expertise in interpreting and applying the statute at hand" that would put the agency in a better position to interpret the statute than a reviewing court.

. . . .

We apply de novo review when "there is no evidence that the agency has any special expertise or experience interpreting the statute[,] . . . the issue before the agency is clearly one of first impression, or . . . the agency's position on an issue has been so inconsistent so as to provide no real guidance."

*Stoughton Trailers, Inc. v. LIRC*, 2007 WI 105, ¶¶ 27–29, 303 Wis. 2d 514, 735 N.W.2d 477 (citations omitted).

¶ 7. Based on the Commission's duty to administer the worker's compensation statutes, its longstanding interpretation of those statutes, its expertise, and the benefit of consistent decisions, the requirements for "great weight" deference are satisfied. *See Begel v. LIRC*, 2001 WI App 134, ¶¶ 5, 8, 246 Wis. 2d 345, 631 N.W.2d 220 (reviewing whether an employee's injury fell within the meaning of Wis. Stat. § 102.03(1)); *CBS, Inc. v. LIRC*, 219 Wis. 2d 564, 573, 579 N.W.2d 668 (1998). Moreover, as discussed later in this opinion, we reject McRae's sole argument against "great weight" deference —that the Commission's decision "is in direct conflict" with *Bitker*.

*Under Wis. Stat. § 102.03(1)(c), Liability Exists Against the Employer Only Where, at the Time of Injury, The Employee is Performing Service Growing Out Of and Incidental To His or Her Employment.*

¶ 8. We examine McRae's worker's compensation claim under Wis. Stat. § 102.03 which sets forth the "conditions of liability" under the Worker's Compensation Act. It provides:

(1) Liability under this chapter shall exist against an employer only where the following conditions concur:

185

(a) Where the employee sustains an injury.

(b) Where, at the time of injury, both the employer and employee are subject to the provisions of this chapter.

(c) 1. Where, at the time of injury, the employee is performing service growing out of and incidental to his or her employment.

Subsec. 102.03(1). It is undisputed that the first two requirements of liability, § 102.03(1)(a) and (b), are satisfied. Specifically at issue is whether the circumstances of McRae's injury sustained while en route to his job site satisfy § 102.03(1)(c)1.

¶ 9. In applying WIS. STAT. § 102.03, it is well established that "the typical employee going to or from work is not covered until he or she reaches the employer's premises. An employee going to work is ordinarily in the prosecution of his or her own business, not performing services incidental to employment." *Doering v. LIRC*, 187 Wis. 2d 472, 479, 523 N.W. 2d 142 (Ct. App. 1994) (citing *Brown v. Industrial Comm'n*, 236 Wis. 569, 571, 295 N.W. 695 (1941)).[2] Exceptions to this "coming and going" rule include circumstances where

---

[2] WISCONSIN STAT. § 102.03(1)(c)2. provides that an employee "going to and from his or her employment in the ordinary and usual way, *while on the premises* of the employer . . . is performing service growing out of and incidental to employment." The employer's "premises" "include the premises of any other person on whose premises the employee performs services." Section 102.03(1)(c)4. Thus, with the exceptions discussed herein, including the traveling employee provision, the statute recognizes that an employee, injured while off the premises of the employer and while on his or her way to and from work, is not covered by the worker's compensation act, and other sites at which the employee performs service are also considered to be the employer's premises.

the employer provides the transportation as part of the employment or pays for the expenses related to the employee's travel and that travel constitutes a "substantial part of the employment." *Doering*, 187 Wis. 2d at 479, 488.

### *McRae Was Not Performing Services Growing Out Of and Incidental to His Employment When He Was Traveling to a Job Site.*

¶ 10. McRae contends that he was performing services growing out of and incidental to his employment while traveling to a job site away from his employer's headquarters pursuant to Wis. Stat. § 102.03(1)(c)1. In support, McRae relies on the supreme court's statement in *Bitker*:

> It is the rule in this state that an employee whose duty it is to travel on behalf of an employer and to do work away from the premises of the employer, and who is not required to report to the premises before starting out to do this outside work, is performing services as soon as he [or she] leaves his [or her] home and starts for the first place at which he [or she] is to perform such work.

*Bitker*, 241 Wis. at 656. In *Bitker*, an employee whose duties as a salesperson at a clothing store "required her occasionally to call upon customers and make collections" was injured while on her way to call on a customer before going in to work. *Id.* at 655. Noting that "the trip to and from work, except for that portion of it which is on the premises of the employer, has the same status as any personal errand," the *Bitker* court examined whether an employee who was running an errand for her employer while on her way to work was entitled to worker's compensation benefits because the accident occurred before she deviated from her typical

187

route to work. *Id.* In concluding that the employee was entitled to benefits, the court observed that she was performing services as soon as she left her home and started out for the first place at which she was to perform the service requested by the employer— stopping to call on a customer on her way to work. *See id.* at 656.

¶ 11. McRae argues that *Bitker* stands for the premise that "when the employee is traveling to an off premises work site, he or she is performing services growing out of and incidental to the employment." Because he was traveling to Aldrich Chemical, and not Porta Painting headquarters, at the time of the accident, McRae contends that he is entitled to worker's compensation benefits. However, McRae reads *Bitker* too broadly. We agree with the Commission that the *Bitker* holding is premised upon the employer's request that the employee make a detour from her regular route to work to call on a customer. McRae, however, was not asked to conduct any such work-related errand while traveling to his job site. He was simply going to work in the usual manner at the time of the accident, an act that has been consistently characterized as a "personal errand." *See, e.g., Doering,* 187 Wis. 2d at 479 (citing *Brown v. Industrial Comm'n,* 236 Wis. at 571) ("An employee going to work is ordinarily in the prosecution of his or her own business, not performing services incidental to employment.").

¶ 12. McRae's efforts to fall under the exception to the "coming and going" rule similarly fail. McRae argues that he was performing services growing out of his employment at the time of the accident because travel was an "integral part of the service which his employer provided to its customers" and because he was required to have a vehicle at his disposal during the

work day. Apart from the fact that the Commission made no finding regarding the vehicle requirement and McRae's employer disputes that fact on appeal, neither of McRae's arguments brings his claim under WIS. STAT. § 102.03. Nor do they distinguish McRae's commute from that made by the "typical employee." *See Doering*, 187 Wis. 2d at 479.

¶ 13. Like the typical employee, McRae's employer did not provide his transportation, was not reimbursing him for the use of his personal vehicle, and was not compensating him for travel time. There are no facts to establish that the employment relationship continued while McRae was traveling to and from work. His regular schedule required him to work at a job site and his work day began when he arrived at that job site. *See Kerin v. Industrial Comm'n*, 239 Wis. 617, 623, 2 N.W.2d 223 (1942) (Where employer has not agreed to transport employee, it is part of employee's duty to "present himself [or herself] at the place where the service [is] to be rendered," and employer/employee relation does not exist until employee is at the place where, by terms of employment, he or she is required to perform service.).

¶ 14. Moreover, the Commission's interpretation and application of both the statute and *Bitker* to the facts of this case finds support in the supreme court's decision in *Kerin*. In that case, decided before but in the same year as *Bitker*, the court did not treat an employee who commuted to a job site not owned or controlled by his or her employer differently than an employee who commutes to a fixed location.[3] In *Kerin*, an electrician who lived in Sun Prairie, Wisconsin, and was working in Evansville, Wisconsin, was killed in an auto accident

_____

[3] McRae asks this court to recognize that employees who commute to a job site not owned or controlled by his or her

on his way home from work. *Kerin,* 239 Wis. at 617–18. The employee worked an eight-hour day at the site. *Id.* at 618. The court denied compensation benefits, even though the employer paid a daily allowance as reimbursement for the employee's travel costs. *Id.* at 620–21.

¶ 15. While the focus in *Kerin* was on the import of the travel expense reimbursement, the court noted that the daily allowance alone was not enough to expand the scope of employment. *Id.* at 624; *see also Doering,* 187 Wis. 2d at 488 (discussing *Kerin*). In other words, despite the fact that the employee traveled to a different job site as an electrician, the travel was not considered a substantial part of the employment.[4] *Kerin,* 239 Wis. at 624. Here, as in *Kerin,* the job site was McRae's place of employment, where he was a painter. The commute to a job site not owned or controlled by his employer to render services to a customer did not expand the scope of his employment. In short, the making of the journey was not part of the service for which McRae was paid.

employer are performing services growing out of and incidental to his or her employment when commuting to that site to render the services provided by the employer. Approaching the issue in a slightly different way, the amicus curiae, the Wisconsin Association for Justice, argues for a similar "[n]ecessarily mobile employee" exception to the "coming and going" rule.

[4] McRae points out that the court's decision in *Kerin v. Industrial Commission,* 239 Wis. 617, 2 N.W.2d 223 (1942), predates the passage of Wis. Stat. § 102.03(1)(f). However, as noted later, § 102.03(1)(f) was intended to cover an employee who is traveling for business purposes, not one who is simply commuting to work. *See Wisconsin Elec. Power Co. v. LIRC,* 226 Wis. 2d 778, 788, 595 N.W.2d 23 (1999) (citing *CBS, Inc. v. LIRC,* 219 Wis. 2d 564, 576, 580, 579 N.W.2d 668 (1998)).

¶ 16. In sum, there is nothing to distinguish McRae's regular commute to work from that of employees who leave their home to travel to their place of employment where the workday begins—whether it be the employer headquarters or a job site.

### McRae Was Not A Traveling Employee For Purposes of WIS. STAT. § 102.03(1)(f).

██

¶ 17. McRae next contends that he was a "traveling employee" under WIS. STAT. § 102.03(1)(f), therefore satisfying the § 102.03(1)(c)1. requirement. With respect to traveling employees, § 102.03(1)(f) provides in relevant part: "Every employee whose employment requires the employee to travel shall be deemed to be performing service growing out of and incidental to the employee's employment at all times while on a trip, except when engaged in a deviation for a private or personal purpose." Section 102.03(1)(f) was enacted by the legislature with the intention of providing broader protection to employees injured on business trips, and establishes a rebuttable presumption that an employee traveling on business is performing services arising out of and incidental to his or her employment at all times until he or she returns. *Wisconsin Elec. Power Co. v. LIRC*, 226 Wis. 2d 778, 788, 595 N.W.2d 23 (1999) (citing *CBS, Inc v. LIRC*, 219 Wis. 2d 564, 576, 579–80, 579 N.W.2d 668 (1998)).

¶ 18. McRae acknowledges that he has failed to uncover any prior Commission decisions directly addressing "whether or not a person whose job it is to travel and work at a series of sites not owned by his employer is a person whose employment requires him to travel" such that he or she falls under WIS. STAT. § 102.03(1)(f). Porta Painting and its insurer contend that "[t]he travel contemplated by [§] 102.03(1)(f) must

be something more and something different than a daily commute to or from work from a[n] established job site." We agree.

¶ 19. In support of his argument pertaining to Wis. Stat. § 102.03(1)(f), McRae relies on our decision in *Begel*. The employee in *Begel* was employed at the University of Wisconsin-Madison; however, his employment required him to make "periodic" trips to meet with his supervising professor at a construction site where the professor was residing. *Begel*, 246 Wis. 2d 345, ¶ 2. The employee was injured while helping his supervising professor lift a joist. *Id.*, ¶ 3.

¶ 20. While the issue in *Begel* turned on the application of the "private errand" doctrine, the court determined that the employee traveled due to the requirements of his employment and applied an analysis reserved for "traveling employees" under Wis. Stat. § 102.03(1)(f). *Begel*, 246 Wis. 2d 345, ¶¶ 14, 17 (applying the "traveling employee" analysis set forth in *Heritage Mutual Insurance Co. v. Larsen*, 2001 WI 30, ¶ 15, 242 Wis. 2d 47, 624 N.W.2d 129). However, the facts in *Begel* are distinguishable. Here, McRae was not traveling to a location different than his usual place of employment. Rather, McRae was assigned to job sites for periods ranging from one day to a number of months and his regular employment as a painter took place at those job sites. Unlike the employee in *Begel*, who was performing services incidental to his employment at the time of the injury because he was responding to his employer's request, McRae's injury occurred during the course of his normal commute, prior to the beginning of his work. That he was expected to present himself to a job site to begin work for his employer does not transform McRae's daily commute to work into a business trip involving required travel. As with most employees,

having a job may have "required" McRae to commute, but the commute prior to his workday was not part of his job. *See Begel,* 246 Wis. 2d 354, ¶ 9 (The worker's compensation act is to be "liberally construed to include all tasks that an employee performs that can reasonably be said to come within the scope of the employment.").

█

¶ 21. Under the great weight deference standard of review we will uphold the Commission's interpretation and application of the statute to the facts found unless the interpretation is unreasonable. "An unreasonable interpretation of a statute is one that directly contravenes the words of the statute, is clearly contrary to legislative intent, or is otherwise without rational basis." *Heritage Mut. Ins. Co.,* 242 Wis. 2d at 47, ¶ 27 (citations omitted). Granting the Commission's decision the great weight deference owing, we affirm its decision, which is reasonable, does not directly contravene the statute, is not clearly contrary to legislative intent, and represents a rational conclusion based upon factual findings supported by the credible and substantial evidence.

## CONCLUSION

¶ 22. We conclude that the Commission made a reasonable determination that McRae's injuries occurred in the course of his normal commute and, therefore, do not fall within Wis. Stat. § 102.03(1). We uphold the Commission's decision and affirm the circuit court order.

*By the Court.*—Order affirmed.